IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

CASE NO. _____

PAUL SCINTO, SR.,
404 HOKE STREET
NEW BERN, N.C. 28560
   PLAINTIFF;

VS.

THE FEDERAL BUREAU OF PRISONS,
   a division of
   THE U.S. DEPARTMENT OF JUSTICE;

HARLEY G. LAPPIN,
   DIRECTOR, BUREAU OF PRISONS;

KIM M. WHITE,
   MID ATLANTIC REGIONAL DIRECTOR;

PATRICA STANSBERRY,
   WARDEN, FCI-BUTNER-LOW ;

SUSAN G. McCLINTOCK,
   CAMP ADMINISTRATOR, FPC-BUTNER;

R. HOLT,
   SENIOR OFFICER SPECIALIST;

   DEFENDANTS.

Case: 1:08-cv-00361
Assigned To : Friedman, Paul L.
Assign. Date : 2/28/2008
Description: Pro Se General Civil

## CIVIL RIGHTS "BIVENS" COMPLAINT
### with
### JURY TRIAL DEMAND

### Preliminary Statement

    This is a Civil Rights - "Bivens" type action filed by the Plaintiff, PAUL SCINTO, SR.; Pro-Se. The Plaintiff is a former prisoner (ID# 18933-004), who was in the custody, care and control of the Federal Bureau of Prisons (FBOP) when the damages complained of did occur. This "Bivens"[1] type

---

[1]   Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388, (1971)

Complaint is made pursuant to 28 U.S.C. § 1331, and alleges the following Constitutional violations against the named Defendants and others unknown and therefore unnamed:

1. The Plaintiff was wrongly confined to the Special Housing Unit (SHU) at the Butner Low Security Prison Complex for a period of 140 days (August 24, 2005 to February 10, 2006); in violation of the 4th, 5th, 8th, and 14th Amendments of the U.S. Constitution.

2. This wrongful confinement in the SHU directly resulted in a reduction of the <u>statutory</u> early release (18 U.S.C. § 3621) time that the Plaintiff was eligible for, and therefore entitled to; and did result in a 3 month extension of his incarceration; in violation of the 4th, 5th, 14th Amendments of the U.S. Constitution.

3. This wrongful confinement directly harmed the Plaintiff medically in that it:
   a) worsened his diabetes due to the deliberately indifferent policies which did not take into consideration the specialized and necessary needs of diabetics. These policies included an unhealthy diet of <u>sugar laden food and drink</u>; and the lack of exercise time and facilities. These conditions being a part of the BOP policy that dictates the strict and spartan like conditions of confinement which is a part of the punishment meted out to those confined to the SHU;
   b) worsened his <u>Hepatitis C</u> (HVC) due to the increased debilitation as caused by the worsened diabetic condition as described above; the unhealthy diet and the deliberate failure of the BOP to treat the Plaintiff for HVC;
   c) caused increase damages to his enervated legs by the deliberately indifferent policies enforced for all prisoners including ambulatory-disabled prisoners[2]. These acts occurring in violation of the 4th, 5th, 8th and 14th Amendments of the U.S. Constitution.

4. For the first four years of the Plaintiff's incarceration; the Defendants, with deliberate indifference to the Plaintiff's medical health and needs, refused to provide treatment for the Plaintiff's HVC condition; offering an evaluation for treatment a week prior to the Plaintiff's pending transfer to FPC Cumberland.[3]

---

2  The Plaintiff requested a wheelchair on several occasions and was denied each time.
3  Ten months prior to his release the Plaintiff was given a choice, he could be evaluated for treatment or attend the RDAP Program and obtain early release.

2

Case 5:10-ct-03165-D   Document 1   Filed 02/28/08   Page 2 of 16

5. The Defendants forced the Plaintiff to work while disabled, with deliberate indifference to his serious medical conditions and needs.

## Jurisdiction

1.      This Court has Jurisdiction over the Plaintiff's claims of violations of his federal constitutional rights under 28 U.S.C. § 1331, § 1343(a)(3) and § 1391 (e).

## Parties

2.      The Pro-Se Plaintiff, Paul Scinto, Sr. was in the custody of the Federal Bureau of Prisons from October 18, 2002 until July 17, 2007. During this time he was incarcerated at the Federal Prison Camp at Seymour-Johnson Air Force Base, Goldsboro, NC; the Federal Medical Center at Butner, NC; the Federal Prison Camp at Butner, NC; the SHU at the Low Security Federal Correctional Institution at Butner, NC; the Federal Prison Camp at Cumberland MD; and "Bannum Place" the Community Corrections Center at Wilmington NC. The Plaintiff currently resides at 404 Hoke Street, New Bern NC 28560. His telephone number is 252-638-5886.

3.      The Defendant, the Federal Bureau of Prisons (FBOP), is a division of the U.S. Department of Justice, an Agency of the Executive Branch of the United States Government. It is therefore being sued in its Official Capacity. The address is 320 First St. NW, Washington DC 20534. The phone number is 202-307-3198.

4.      Defendant Harley S. Lappin is the Director of the FBOP and is being sued in his Official Capacity. His office is located at 320 First St. NW, Washington DC 20534. The phone number is 202-307-3198.

5.      Defendant Kim M. White is the Regional Director of the FBOP Mid-Atlantic Region and is being sued in her Official Capacity. Her office is located at 302 Sentinel Dr., Suite 200; Annapolis Junction MD 20701.. The phone number is 301-317-3100.

6.     Defendant Patricia Stansberry is the Warden of the Low Security Federal Correctional Institution at Butner, NC and its satellite Federal Prison Camp (FPC). She is being sued in her Official and Individual Capacities. Her office is located at FCI Butner Low, Federal Correctional Institution; P.O. Box 999, Butner NC 27509. The phone number is 919-575-5000.

7.     Defendant Susan G. McClintock was the Camp Administrator at the Federal Prison Camp (FPC) at Butner NC. She is being sued in her Official and Individual Capacities. The Plaintiff believes that she is now located at FCI Morgantown, Federal Correctional Institution, P.O. Box 1000, Morgantown WV 26507. The phone number is 304-296-4416.

8.     Defendant R. Holt is a Senior Officer Specialist who was/is assigned to the FPC at Butner NC. He is being sued in his Official and Individual Capacities. The Plaintiff believes his address to be FPC Butner; P.O. Box 999, Butner NC 27509. The phone number is 919-575-5000.

## Statement Of Facts

9.     On October 18, 2002, the Plaintiff began a period of incarceration of 78 months at the FPC at Seymour Johnson AFB. The Plaintiff informed the intake medical staff that the he was a diabetic, had a chronic infection in his right leg and had HVC. The Plaintiff requested treatment for the HVC.

10.     For the next 60 days the Plaintiff received neither treatment for his leg infection nor for HVC. The Plaintiff requested treatment for both conditions several times. Over the course of this time, the Plaintiff's right leg began to "redden", grow hot, and swell; and on December 25, 2002; the pressure from the underlying infection, broke through the skin and purulence began to gush out. The Plaintiff was taken to Lenoir Memorial Hospital (Kinston NC), where he received emergency surgery.

11.     On or about January 18, 2003, the Plaintiff was sent to the Federal Medical Center at Butner, NC, where he began treatment for his infected leg. In April the Plaintiff received another surgery on his right leg, to clear the infection and debrie the wound. For the next few months he was given intravenous antibiotics. The Plaintiff requested treatment for HVC on several occasions but was not given any treatment.

4

12. On or about December 10, 2003, the Plaintiff was returned to the FPC at Seymour-Johnson AFB where it was determined that his leg infection was not healed, but dormant. The Plaintiff received follow up care from Dr. Max Kasselt, an orthopedic specialist in Kinston, NC. During this period of time the Plaintiff again requested HVC treatment several times from the medical department and his Case Manager, Ms. Brewer.

13. On February 1, 2005 the Plaintiff was approved for the "Residential Drug/Alcohol Abuse Program" (18 U.S.C. § 3621 - RDAP). *Exhibit 1*

14. On June 5, 2005, the Plaintiff was transfered to the FPC at Butner, NC , as the Seymour-Johnson FPC was scheduled to close. Upon arrival the Plaintiff again requested treatment for HVC.

15. Shortly after the Plaintiff's arrival, he was ordered to work in the kitchen[4], notwithstanding his permanent disability status. The Plaintiff was not issued diabetic safety shoes, notwithstanding the Safety Officer's Order that he receive them. *Exhibit 2* The Plaintiff could not perform the work without damaging his legs. He was given several incident reports for refusing to work. All these work related incident reports were dismissed by the Lieutenant on the first review.

16. During this time the Plaintive was given qualitative and quantitative tests for HVC. The medical reports indicate that the Plaintiff had HCV Type 1 and the viral load was about 800,000. Still NO treatment was scheduled for the Plaintiff.

17. On August 24, 2005 the Plaintiff was locked in the "Catawba West" Dormitory for several hours without water. The water had been shut off at 0800 hrs. as repairs were being made. Several hours later the dormitory door was locked, with the Plaintiff and other chronic care medical inmates inside. No staff member or medical worker checked to see who was in the dormitory. The other dormitories were unlocked and inmate movement outside was observed by the Plaintiff.

---

4  With deliberate indifference to the Plaintiff's leg injuries.

5

18.     The seriously ill Plaintiff <u>needed water</u>, after experiencing an episode of acute cholelithiasis which manifested itself in severe abdomen pain, and the vomiting of blood and gastric fluid. The Plaintiff used the inmate accessible emergency phone in an attempt to get help.

19.     The Plaintiff received no medical treatment when the door was finally opened. Instead, he was given an incident report by Officer R. Holt <u>*Exhibit 3*</u>; on the direct order of the Camp Administrator, Susan G. McClintock, who told Officer Holt to "lock him up". The Plaintiff was then taken to the SHU where he was placed in Administrative Segregation for the next six months.[5]

20.     During his incarceration in the SHU, the Plaintiff was given only a high sugar diet with high sugar drinks. This caused an elevation in the Plaintiff's blood glucose levels which was reflected by a rise in his Hemoglobin A1C values to the dangerous level of $9.8^6$. The medical solution used to counter the adverse effects of the SHU on the Plaintiff's diabetic condition was to increase the Plaintiff's insulin dosage. This destructive course of treatment resulted in the loss of the diabetic control of the Plaintiff and severe painful and destructive episodes of diabetic hypoglycemia and diabetic hyperglycemia.

21.     The Plaintiff was taken to the FMC on several occasions. On these occasions his legs and wrists were handcuffed and the Plaintiff was linked to a "convict chain" and the Plaintiff was forced to walk without a cane. The Plaintiff requested a wheelchair and was refused. These deliberate indifferent acts resulted in several falls and further damage to Plaintiffs legs, as exemplified by the medical report of November 16, 2005. **\*Exhibit 4\***

22.     The Plaintiff contacted his Congressman Walter B. Jones on January 29, 2006; and shortly thereafter the Plaintiff was found not guilty of any infraction and released to general population.

23.     As a direct result of the wrongful confinement in the SHU, the Plaintiff was denied his place in RDAP Cohort #49[7] which resulted in a 3 month loss of a statutory reduction in his sentence as promulgated by 18 U.S.C. § 3621.

---

5   Plaintiff was in the SHU from August 24, 2005 to February 10, 2006.
6   Normal HA1C values should be no higher than 7.0.
7   RDAP Cohorts consist of a group of between 25 and 30 inmates who live and work as a unit at a designated Correctional Facility. Cohort #49 was the assigned number at the FPC at Cumberland MD that the Plaintiff should have attended.

6

24. The Plaintiff was sent to the next available R-DAP Cohort (#50), where he successfully completed the RDAP program and was released to the half-way house on March 1, 2007.[8]

25. The Plaintiff filed his Tort Claim for damages on March 29, 2007 *Exhibit 5*.

26. The Plaintiff's Tort Claim for damages was denied on August 24, 2007 *Exhibit 6*.

## Claims

27. As a direct result of the wrongful confinement in the SHU the Plaintiff's 4th, 5th, 8th, and 14th Amendment guarantees were violated by the named Defendants, in that:

a) the Plaintiff was wrongfully seized and confined to the SHU in violation of the Fourth Amendment;

b) the Plaintiff was kept confined in the SHU for a period of 140 days in violation of the Fourth Amendment; the Fifth Amendment's substantive and procedural due process requirements; and the Fourteenth Amendment,s equal protection guarantee.

c) with deliberate indifference to his serious medical needs, the Plaintiff was forced to undergo a lesser degree in medical care with respect to his diabetic and hepatitis conditions, which resulted in permanent damage to his medical health; in violation of the Eighth Amendment;

d) with deliberate indifference to his serious medical needs, the Plaintiff was forced to undergo conditions which worsened the condition of his debilitated legs, in violation of the Eighth Amendment;

e) with deliberate indifference to his serious medical needs the Plaintiff was refused treatment for Hepatitis C, which has resulted in damage to the Plaintiff's liver; and which will eventually cause liver failure and the premature death of the Plaintiff.

f) the Plaintiff's release date was effectively retarded 3 months by his wrongful confinement in the SHU in violation of the Fourth Amendment; the Fifth Amendment's substantive and procedural due process requirements; and the Fourteenth Amendment's equal protection guarantee.

g) the Plaintiff was denied equal treatment under the law in violation of the Fourteenth Amendment.

---

8 Within 6 weeks of his release the Plaintiff was tested for the HVC viral load quantity and it was rated at greater than 5 million viral copies. This is a 20 fold increase in viral quantity which did occur during his confinement in the Federal Prison system. The transplant/death quantity is rated at 12 million viral copies.

28. It has been established that the wrongful confinement of prisoners in SHU constitutes a deprivation of rights and liberty; and a finding of fact as to this claim would establish a monitory liability for every day wrongfully spent in the SHU (see: Lowrance v. Coughlin et.al. 862 F. Supp. 1090; S.D.N.Y., 1984).

29. Furthermore, it has been established that unlawful or wrongful imprisonment in any form is a deprivation of rights and liberty; and a finding of fact as to this claim would also establish a monetary liability for the three month extended sentence that the Plaintiff was forced to endure.

30. Finally, it has been established [Estelle v. Gamble 429 U.S. 97 (1976)] that the deliberate indifference to serious medical needs by prison custodians is a violation of the Eighth Amendment; and a finding of fact as to this claim would establish a monetary liability for the physical injury, pain and suffering inflicted upon the prisoner.

## Relief Requested

WHEREAS: the Plaintiff requests monetary damages in the sum of:
1) FIFTY THOUSAND DOLLARS for the wrongful confinement in the SHU;
2) FIFTY THOUSAND DOLLARS for the three month extended sentence.
3) FIVE MILLION DOLLARS for medical damages incurred while incarcerated.
4) Court Costs and Legal Expenses incurred by the Plaintiff.

The Plaintiff further requests:

A Declaratory Finding of wrongdoing on the part of the named Defendants; and any other relief that the Court deems warranted.

Respectfully Submitted,

on the 22nd day of February, 2008, by:    Paul Scinto, Sr., Plaintiff Pro-Se

VERIFICATION: Plaintiff swears under penalty of perjury, that to the best of his knowledge and belief, the contents of this pleading are true and correct. This the 22nd day of February, 2008; by:

*Paul Scinto, Sr.*
Paul Scinto, Sr.

CERTIFICATE OF SERVICE: Plaintiff has served the following, by first class mail, with correct postage affixed; on the 22nd day of February, 2008:

1. U.S. Attorney General, 950 Pennsylvania Ave. NW Washington DC 20530
2. U.S. Attorney for the District of Columbia, 501 3rd St. NW Washington DC 20001.
3. U.S. Bureau Of Prisons, 320 First St. NW, Washington DC 20534.
4. Harley S. Lappin, BOP Director 320 First St. NW, Washington DC 20534.
5. Kim M. White, BOP Mid Atlantic Regional Director, 302 Sentinel Dr., Suite 200; Annapolis Junction MD 20701.
6. Patricia Stansberry, Warden; FCI Butner Low; P.O. Box 999, Butner NC 27509.
7. Susan G. McClintock, Camp Administrator; FCI Morgantown; P.O. Box 1000, Morgantown WV 26507.
8. Officer R. Holt, FCI Butner; P.O. Box 999, Butner NC 27509.

*Paul Scinto, Sr.*
Paul Scinto, Sr.; Plaintiff
404 Hoke Street
New Bern, NC 28560
Telephone 252-638-5886

BP-S761.055 **RESIDENTIAL DRUG ABUSE PROGRAM NOTICE TO INMATE** CDFRM
DEC 03
**U.S. DEPARTMENT OF JUSTICE**            **FEDERAL BUREAU OF PRISONS**

| To<br>   Scinto, Paul | Reg No.<br>   18933-004 |
|---|---|
| From<br>   Dr. Richard Williams | Institution<br>   Seymour Johnson FPC |
| Title<br>   DAP Coordinator | Date<br>   February 1, 2005 |

**SECTION 1 - RESIDENTIAL DRUG ABUSE PROGRAM QUALIFICATION**

You have requested participation in the Bureau's Residential Drug Abuse Treatment Program. My review of your case indicates that you do/do not meet the admission's criteria for the Residential Drug Abuse Program. It appears that you (__X__ **DO**/____ **DO NOT**) qualify to participate in the Residential Program. State the reason(s) below.

| Comments<br><br>Provisionally eligible for early release. |
|---|

**SECTION 2 - PROVISIONAL § 3621 (E) ELIGIBILITY** (To be completed only if the inmate has completed or qualifies for the Residential Drug Abuse Treatment Program.)

For Residential Drug Abuse Treatment Program graduates to be eligible for early release, they must (DAPC must "x.")

| _X_ Not an INS detainee. | _X_ Not a pre-trial inmate. |
|---|---|
| _X_ Not a contractual boarder. | _X_ Not an "old law" inmate. |
| _X_ Not have a current crime that is an excluding offense in BOP categorization of offenses policy (Mark an "x" in the appropriate block on the right). | _X_ Not a crime of violence as contained in BOP Categorization of Offenses policy.<br>_X_ Not an excluding crime by the Director's discretion in Categorization of Offenses policy. |
| _X_ Not have any prior felony or misdemeanor adult conviction for homicide, forcible rape, robbery, aggravated assault, or sexual abuse of children. ||

My current assessment, in consultation with your unit team, is that it (__X__ **DOES**/____ **DOES NOT**) appear that you are provisionally eligible for an early release. If not, list **ALL** the reason(s).

| Comments<br><br>08 0361     **FILED**<br>   FEB 2 8 2008<br>   NANCY MAYER WHITTINGTON, CLERK<br>   U.S. DISTRICT COURT |
|---|

If applicable, I understand that a determination of early release for me is <u>provisional, may change</u>, and depends on continued positive behavior and successful participation in all components of the program, including community transitional services.

| Inmate's Signature (indicate if refused to sign)<br>/s/ Paul Scinto | Refused to sign |
|---|---|

cc: Drug Abuse Treatment File; Unit Team (place in section 4 of inmate central file; Inmate

(This form may be replicated via WP)

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Ms. Crogan, Safety Officer | 07-28-05 |
| FROM: | REGISTER NO.: |
| Paul Scinto Sr. | 18933-004 |
| WORK ASSIGNMENT: | UNIT: |
| F.S. - A.M. | CAT-W  #10 |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

Please be advised that I have been ordered to work in Food Service notwithstanding severe multiple disabilities including (R) Knee Replacement w/o Ligaments; (L) Knee - No Cartilege, Stomach Herniated; Amputated Fingers; Hepatitis + Diabetes. I cannot wear safety shoes + was told by Dr. Stanley (FMC-Duke) to do only sedentary work. Please know that my cane + shoes slip on the wet kitchen floor. If I fall due to this factor I will be further injured. Please help on this matter. Thank you.

Paul Scinto Sr.

(Do not write below this line)

DISPOSITION:

There is no record of Dr. Stanley's comments in your medical file. I was told by Medical that you would have to see Dr. Phillips at the camp to make changes to your medical restrictions. Your supervisor will have to provide you with a special steel toe shoe made to accommodate persons with diabetes.

08 0361 **FILED**

FEB 28 ...

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| Signature Staff Member | Date |
|---|---|
| R. Crogan | 8/01/05 |
Record Copy - File; Copy - Inmate
Case 5:10-ct-03165-D   Document 1   Filed 02/28/08   Page 11 of 16

EXHIBIT 2

| BP-S288.052 INCIDENT REPORT CDFRM MAY 1994 | | | | |
|---|---|---|---|---|
| U.S. DEPARTMENT OF JUSTICE | | FEDERAL BUREAU OF PRISONS | |  |
| 1. Name of Institution | Federal Prison Camp, Butner, NC | | Incident Report Number | |

## Part I - Incident Report

| 2. Name of Inmate | 3. Register Number | 4. Date of Incident | 5. Time |
|---|---|---|---|
| SCINTO, PAUL | 18933-004 | 08-24-05 | 1:56 PM |
| 6. Place of Incident | 7. Assignment | 8. Unit | |
| Catawba West Unit | Camp Food Service AM | Catawba West Unit | |
| 9. Incident | Interfering with Staff in performance of duties (high severity) | | 10. Code 298 |
| 11. Description of Incident | Date: 08-24-05 | Time: 1:56 pm | Staff became aware of Incident |

On 08-24-05 at approximately 1:56 pm while conducting an Institutional Lock-down Census the Control Center Officer announced a Deuces Alarm in Catawba West Unit. I immediately responded to Catawba West Unit and found Inmate Scinto, Paul #18933-004 talking with the Control Center Officer on the Deuces Emergency Telephone. I asked Inmate Scinto what the emergency was and he stated "I have to get a shower so I can go to work". I immediately informed the Control Center that there was not an emergency. Inmate Scinto stated that he hit the Deuces Alarm because the Unit Front Door was locked and the showers in Catawba West are closed for repair. I informed Inmate Scinto that the front door was locked because there was a Institutional Lock-Down and that using the emergency Deuces Alarm Telephone is there for emergency purposes only and that dialing the Deuces Alarm causes staff to stop there current duties and respond to an emergency. Inmate Scinto's actions caused numerous staff to respond to a false alarm interfering with an Institutional Lock-Down Census.///End of Statement

08 0361

**FILED**

FEB 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| 12. Signature of Reporting Employee | Date and Time | 13. Name and Title (Printed) |
|---|---|---|
| [signature] | 08-24-05   3:05 PM | R. Holt, Senior Officer Specialist |

| 14. Incident Report Delivered To Above Inmate By: | 15. Date Delivered | 16. Time Delivered |
|---|---|---|
| [signature] | 8-24-05 | 7:25pm |

Part II - Committee Action

EXHIBIT 3

# U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

## INMATE INJURY ASSESSMENT AND FOLLOWUP (Medical)

| 1. Institution | 2. Name of Injured | 3. Register Number |
|---|---|---|
| LSCI Butner | Scinto, Paul | 18933-004 |

| 4. Injured's Duty Assignment | 5. Housing Assignment | 6. Date and Time of Injury |
|---|---|---|
| unassigned | SHU | 11/15/05 1830 |

| 7. Where Did Injury Happen (Be specific as to location) | Work Related? ☐ Yes ☒ No | 8. Date and Time Reported for Treatment |
|---|---|---|
| Lawn Area - Back of R&D | | 11/16/05 1020 |

**9. Subjective:** (Injured's Statement as to How Injury Occurred)(Symptoms as Reported by Patient)

I was walking on grass with leg irons and cuffs and I stepped in a soft spot and twisted my right knee.

Pain 7/10 BP = 130/86 PR = 89 T = 97.4°F

*Signature of Patient:* Paul Scinto

**10. Objective:** (Observations or Findings from Examination)   X-Rays Taken ordered / Not Indicated ___

R knee - (+) swelling, (+) tenderness   X-Ray Results

good ROM. Pt able to go down the stairs slowly

**11. Assessment:** (Analysis of Facts Based on Subjective and Objective Data)

S/P Right knee Arthroplasty
Right knee strain.

**12. Plan:** (Diagnostic Procedures with Results, Treatment and Recommended Follow-up)

Pt. proper ageing tablet for pain.
XRay of Right knee - ordered
No prolonged standing, No bending or lifting.
Pt. instructed unnecessarily chunk
(?) Knee brace

**13. This Injury Required:**

☐ a. No Medical Attention
☐ b. Minor First Aid
☐ c. Hospitalization
☐ d. Other (explain) See # 12
☐ e. Medically Unassigned
☐ f. Civilian First Aid Only
☐ g. Civilian Referred to Community Physician

*Signature of Physician or Physician Assistant:* E. Neri, Physician Assistant

08 0361

FILED FEB 28 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*Self Carboned Form - If ballpoint pen is used, PRESS HARD*

Original - Medical File
Canary - Safety
Pink - Work Supervisor (Work related only)
Goldenrod - Correctional Supervisor

Case 5:10-ct-03165-D  Document 1  Filed 02/28/08  Page 13 of 26

BP-362(60)

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit To Appropriate Federal Agency: | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code) |
|---|---|
| Regional Counsel<br>Bureau of Prisons<br>10010 Junction Dr. Suite 100<br>Annapolis Junction MD 20701 | Paul Scinto, Sr.<br>18933-004        c/o<br>2307 Center Ave.<br>New Bern NC 28562 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH<br>May 14, 1948 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>August 24, 2005 to 021006 | 7. TIME (A.M. OR P.M.)<br>a1200hrs |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

On Aug. 24, 2005 I was locked in Catawba West Unit for several hours while the water was turned off. Other units in the camp were unlocked and there was no emergency. As I am an insulin dependent diabetic who also suffers from hepatitis C and cholelithiasis I should not have been subjected to these conditions. During the lockdown I needed water and did experience an episode of acute cholelithiasis - I used the emergency phone to call for help. Because of this I was wrongly sent to Butner Low SHU AdSeg. until Feb.10, 2006. byAdm. McClintock (Off. Holt & Warden Stansbury involved). During this time I was denied a proper diabetic diet and given only high sugar drinks; resulting in months of uncontrolled diabetes. Furthermore when taken to the hospital I was chained and shackled and forced to walk without cane; resulting in several falls and further damage to my legs.

### PROPERTY DAMAGE

9. NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)

N/A

10. BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions reverse side.)

N/A

### PERSONAL INJURY/WRONGFUL DEATH

11. STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.

The physical damage to claimant has not yet been verified medically as claimant has no access to his own physicians. The B.O.P. medical Records are attainable by this office. However: (1) $50,000. damages are sought for the extended 3 months in prison claimant was forced to undergo because of this illegal detention (2) $50,000. for 6 mns SHU (3) $50,000 for injurys

### WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| P.A. Pasquarella | B.O.P. Butner NC Prison Med Complex |
| R.A. Trent | Same as above. |
| C. Smith | B.O.P. Butner |

**FILED**
08 0361
FEB 2 8 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

12. (See instructions on reverse) AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| $0.00 | $150,000.00 | $0.00 | $150,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory<br>252-638-4750 | 14. DATE OF CLAIM<br>030107 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000. plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-109
Previous editions not usable.

NSN 7540-00-634-4046

STANDARD FORM 95 (Rev. 7-85)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

EXHIBIT 5

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.

A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.

C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.

D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid".

## INSTRUCTIONS

**Complete all items - Insert the word NONE where applicable**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Any instructions or information necessary in the preparation of your claim will be furnished, upon request, by the office indicated in Item #1 on the reverse side. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplemental regulations also. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with said claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file claim for both personal injury and property damage, claim for both must be shown in item 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to completely execute this form or to supply the requested material within two years from the date the allegations accrued may render your claim "invalid". A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

Failure to specify a sum certain will result in invalid presentation of your claim and may result in forfeiture of your rights.

Public reporting burden for this collection of information is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden,

to Director, Torts Branch
Civil Division
U.S. Department of Justice
Washington, DC 20530

and to the
Office of Management and Budget
Paperwork Reduction Project (1105-0008)
Washington, DC 20503

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of his vehicle or property.

15. Do you carry accident insurance? ☐ Yes, If yes, give name and address of insurance company (Number, street, city, State, and Zip Code) and policy number. ☒ No

16. Have you filed claim on your insurance carrier in this instance, and if so, is it full coverage or deductible?
N/A

17. If deductible, state amount
N/A

18. If claim has been filed with your carrier, what action has your insurer taken or proposes to take with reference to your claim? (It is necessary that you ascertain these facts)
N/A

19. Do you carry public liability and property damage insurance? ☐ Yes, If yes, give name and address of insurance carrier (Number, street, city, State, and Zip Code) ☒ No



U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons
Mid - Atlantic Region

Butner Legal Center
P.O. Box 1600
Butner, North Carolina 27509

August 24, 2007

Paul Scinto, Sr.
Reg. No. 18933-004
2307 Center Ave
New Bern, NC 28562

Re: Tort Claim TRT-MXR-2007-03074

Dear Mr. Scinto:

This is in response to your claim filed on April 2, 2007, pursuant to the Federal Tort Claims Act (FTCA), Title 28 U.S.C. § 2672, and authority granted under 28 C.F.R. § 0.172. You claim alleged personal injury at the Federal Prison Camp, Butner, NC. You seek compensation in the amount of $150,000.00.

The Federal Tort Claims Act only provides compensation for loss of property or injuries resulting from the negligence, omission, or wrongful act of Bureau of Prisons employees acting within the scope of their employment. We do not find that you have presented a compensable injury or that your alleged injuries resulted from the negligence of any Bureau of Prisons staff member. Furthermore, the evidence reveals that you have continued to receive the appropriate treatment by staff in a professional and appropriate manner at all times.

Therefore, in view of the above, your claim is denied. If you are dissatisfied with this determination, you may file suit in the appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

Sincerely,

Michelle T. Puseyamore
Regional Counsel

08 0361

**FILED**

FEB 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 6