IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3165-D

| | | |
|---|---|---|
| PAUL SCINTO, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 28, 2008, in the District of Columbia, Paul Scinto, Sr. ("Scinto" or "plaintiff")

filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

403 U.S. 388 (1971) [D.E. 1]. On March 30, 2009, the United States District Court for the District

of Columbia granted in part defendants' motion to dismiss or to transfer venue [D.E. 13–14],

dismissed defendants the Bureau of Prisons, Lappin, and White, and transferred plaintiff's claims

against defendants Stansberry, McClintock, and Holt in their individual capacities to this district

[D.E. 25]. On April 10, 2009, plaintiff appealed [D.E. 27]. On February 17, 2010, the United States

Court of Appeals for the District of Columbia Circuit affirmed [D.E. 33]. On September 16, 2010,

the District of Columbia transferred the action to this district [D.E. 34].

On December 27, 2011, the court granted the remaining defendants' motions to stay

discovery and to dismiss the complaint for failure to state a claim, and denied several motions by

plaintiff [D.E. 55]. On January 4, 2012, Scinto filed a motion for reconsideration. Mot. Reconsider

[D.E. 57].

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Scinto has cited no recent change in the controlling law, no newly discovered evidence, or any clear error that merits an alteration or amendment to the judgment. The court has reviewed the cases that Scinto cites in his motion, and finds that they do not warrant reconsideration. As for Scinto's explanation of the delay in seeking to amend his complaint, see Mot. Reconsider 3, Scinto still does not explain why he failed to seek to amend his complaint between September 2010 and August 2011, and does not offer anything to alter the court's conclusion that his proposed amendment is futile.

Alternatively, to the extent Scinto seeks relief under Rule 60(b)(1) and (3) of the Federal Rules of Civil Procedure, his motion also fails. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), a movant first must demonstrate that the motion is timely, that the movant has a meritorious claim or defense, and that the opposing party will not suffer unfair prejudice by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262,

2

264 (4th Cir. 1993); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988) (per curiam). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Nat'l Credit Union Admin. Bd., 1 F.3d at 266. Scinto fails to establish a meritorious claim or defense. Accordingly, Scinto fails to meet Rule 60(b)'s threshold requirements.

In sum, the court DENIES plaintiff's motion for reconsideration [D.E. 57].

SO ORDERED. This **28** day of June 2012.

JAMES C. DEVER III
Chief United States District Judge

3