IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3165-D

| | | |
|---|---|---|
| PAUL SCINTO, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FEDERAL BUREAU OF PRISONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On February 28, 2008, in the District of Columbia, Paul Scinto, Sr., ("Scinto" or "plaintiff") filed this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. On March 30, 2009, the United States District Court for the District of Columbia granted in part defendants' motion to dismiss or to transfer venue [D.E. 13–14], dismissed defendants the Bureau of Prisons, Lappin, and White, and transferred plaintiff's claims against defendants Stansberry, McClintock, and Holt in their individual capacities to this district [D.E. 25]. On April 10, 2009, plaintiff appealed [D.E. 27]. On February 17, 2010, the United States Court of Appeals for the District of Columbia Circuit affirmed [D.E. 33]. On September 16, 2010, the District of Columbia transferred the action to this district [D.E. 34].

On December 27, 2011, the court granted defendants' motion to stay discovery and motion to dismiss, and denied plaintiff's motions for discovery and to amend his complaint [D.E. 55]. On June 28, 2012, the court denied Scinto's motion for reconsideration [D.E. 57–58]. On July 27, 2012, Scinto appealed to the United States Court of Appeals for the Fourth Circuit [D.E. 59]. On January 25, 2013, the Fourth Circuit held that Scinto could amend as of right and directed the court to

consider his amended complaint. See Scinto v. Stansberry, No. 12-7248, 2013 WL 285730, at *1–2 (4th Cir. Jan. 25, 2013) (per curiam) (unpublished). On February 7, 2013, Scinto filed a motion for change of venue [D.E. 64].

First, the court addresses Scinto's motion for change of venue. Scinto seeks "a change of venue pursuant to 28 U.S.C. 1404 and/or any other Rule and/or Statute that would allow such venue change to another federal district court in this State or any other State in the Country" because "the Eastern District of North Carolina has demonstrated extreme bias against [Scinto] in every case brought before it." Mot. 1. Section 1391 of Title 28 of the United States Code provides the framework for determining proper venue in civil cases. When jurisdiction is not premised solely on diversity of citizenship,

> [a] civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The claims in Scinto's amended complaint [D.E. 52] arose at the Federal Correctional Complex in Butner, North Carolina, which is located in this district. See 28 U.S.C. § 113(a). Moreover, Scinto is a resident of this district. Thus, venue is proper here. See 28 U.S.C. § 1391(b). The motion to transfer venue is denied.

To the extent Scinto's motion seeks recusal, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." Liteky v. United States, 510 U.S. 540, 555 (1994); see United States v. Gordon, 61 F.3d 263, 267–68 (4th Cir. 1995); In re Beard, 811 F.2d 818, 828 (4th Cir. 1987). Accordingly, to the extent Scinto seeks recusal, the motion is denied.

In light of the Fourth Circuit's holding, the court GRANTS Scinto's motion to amend [D.E. 52], and DIRECTS the clerk to add the newly-named defendants as parties of record and to issue summonses for service on those defendants by the United States Marshal. See Am. Compl. [D.E. 52] 7. The United States Marshal shall promptly serve the newly named defendants. Within twenty days after the Marshal's return of service on the additional defendants, the parties shall confer and file a proposed scheduling order (or separate proposed orders, if the parties cannot agree). The court expects the proposed scheduling order to have a brief discovery period and a prompt deadline for dispositive motions in order to move this long-pending case to resolution. Magistrate Judge Webb will review the proposals and enter a scheduling order. The parties should not expect continuances of the deadlines in the scheduling order.

SO ORDERED. This _3_ day of April 2013.

JAMES C. DEVER III
Chief United States District Judge