IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3165-D

| | |
|---|---|
| PAUL SCINTO, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| WARDEN PATRICIA STANSBERRY, *et al.*, | ) |
| | ) |
| Defendants, | ) |

The cause comes before the Court upon Plaintiff's motions to compel discovery. (DE's-71 & 78). Defendants have responded (DE's-72 & 82), and these motions are now ripe for adjudication.

The Federal Rules of Civil Procedure provide that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matters." Fed.R.Civ.P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. Rather, information is relevant and discoverable if it relates to "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Plaintiff has not complied with Rule 37(a)(1) of the Federal Rules of Civil Procedure, which states that a motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or

discovery in an effort to obtain it without court action." F.R.Civ.P. 37(a)(1). Here, Plaintiff has not included the required certification. On the contrary, Plaintiff clearly did not confer with Defendants prior to filing these requests with the Court because he "requests voluntary compliance." (DE-71, pg. 2).

In addition, Plaintiff is directed to Local Civil Rule 26.1(a). Discovery materials, including various discovery requests, are not to be filed with the Court. Local Civil Rule 26.1(a). For this reason, the Clerk of Court is ORDERED to strike the discovery requests at docket entries 79 and 80 from the docket. Any relief requested in those motions is summarily denied for failure to abide by the Local Civil Rules of this Court.

Finally, Plaintiff is admonished that if any further discovery disputes in this matter are referred to the undersigned, sanctions shall be imposed pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See*, Biovail Corp. v. Mylan Labs., Inc., 217 F.R.D. 380, 382 (N.D.W.Va.2003)("[t]he great operative principle of [Rule 37] is that the loser pays")(quotation omitted).

SO ORDERED in Chambers at Raleigh, North Carolina on Friday, June 14, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

2